J-S18021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD ELLIS CARTER, JR. | : | |
| | : | |
| Appellant | : | No. 1580 WDA 2024 |

Appeal from the PCRA Order Entered August 8, 2024
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000383-2016

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: JULY 21, 2025**

Appellant Todd Ellis Carter, Jr. appeals *pro se* from the order denying his third Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that he met the newly discovered fact exception to the PCRA time bar. We affirm.

The trial court summarized the relevant facts of this case as follows:

On the evening of January 14, 2016, Logan Scott, Tyler Wolfe[,] and Tanner Stark went to Allegheny County[,] and Scott bought heroin from [Appellant]. Scott talked by cell phone with [Appellant] to arrange the deal. The heroin was packaged in stamp bags marked "Essence." Following the purchase, Scott, Wolfe[,] and Stark returned to Clarion [County].

On the morning of January 15, Tanner Stark's mother found him dead on the floor of his bedroom. The police investigated and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

found five empty stamp bags . . . three full stamp bags[,] and a syringe in Stark's bedroom. The stamp bags were marked "Essence."

The State Police made arrangements with Logan Scott to make a controlled buy of heroin from [Appellant] on the evening of January 15. Scott again communicated with [Appellant] by cell phone. Scott completed the controlled buy[,] and the [p]olice arrested [Appellant] and took him into custody. The stamp bags Scott obtained were marked "Essence." The police found additional stamp bags of heroin in [Appellant's] car. They seized [Appellant's] cell phone.

State Police testing showed that the stamp bags found in Tanner Stark's bedroom, the bags that Scott obtained on January 15[,] and the bags in [Appellant's] car contained heroin. Upon completion of testing of Stark's blood and an autopsy, the coroner determined the manner of Stark's death was heroin toxicity.

The State Police filed charges against [Appellant] in Allegheny County based on possession and delivery of [a controlled substance]. Also, a statewide investigating grand jury received evidence and recommended the filing of charges of drug delivery resulting in death, delivery of [a controlled substance], possession [of a controlled substance] with intent to deliver [], and criminal use of a communication facility. The supervising judge [of the grand jury] ordered that the county for conducting the trial on those charges would be Clarion County. The Commonwealth then filed the charges [in Clarion County[2]].

Trial Ct. Op., 5/7/18, at 1-2 (some formatting altered).

A previous panel of this Court summarized the subsequent procedural history of this matter as follows:

The facts of Appellant's underlying convictions are not germane to his present appeal. In regard to the procedural history of his case, on December 19, 2017, a jury convicted Appellant of two counts

_____

[2] "Accordingly, the Commonwealth did not pursue the charges filed previously in Allegheny County." **Commonwealth v. Carter**, 848 WDA 2018, 2019 WL 5549545, at *1 n.3 (Pa. Super. filed Oct. 28, 2019) (unpublished mem.) (**Carter I**).

of delivery of a controlled substance, one count of possession of a controlled substance with intent to deliver, and two counts of criminal use of a communication facility. On February 7, 2018, the court sentenced Appellant to an aggregate term of 9 to 18 years' incarceration. The court also imposed "special conditions" of Appellant's sentence, including that he not have contact with any of the witnesses in the case, and he complete a drug and alcohol evaluation and treatment, if necessary. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on October 28, 2019. *See* [*Carter I*]. Appellant did not file a petition for allowance of appeal with our Supreme Court.

Thereafter, Appellant filed a timely, [first] *pro se* PCRA petition on August 13, 2020. The court appointed counsel, who filed an amended petition on Appellant's behalf raising claims of ineffective assistance of trial counsel. A hearing was conducted, after which the court denied Appellant's petition on March 5, 2021. He timely appealed and, on February 18, 2022, this Court issued a memorandum decision vacating the "special conditions" imposed by the trial court as part of Appellant's sentence, and affirming the PCRA court's order denying his post-conviction petition in all other respects. *See Commonwealth v. Carter*, 455 WDA 2021, [2022 WL 500321, at *2] (Pa. Super. filed Feb. 18, 2022) [(unpublished mem.)]. Appellant did not file a petition for allowance of appeal with our Supreme Court.

*Commonwealth v. Carter*, 800 WDA 2022, 2023 WL 2886752 (Pa. Super. filed Apr. 11, 2023) (unpublished mem.) (*Carter III*), *appeal denied*, 307 A.3d 1197 (Pa. 2023).

Appellant filed the instant PCRA petition, his third overall, on May 20, 2024. Therein, Appellant argued that the petition was timely under the newly discovered fact exception to the PCRA's time bar. Appellant's Third PCRA Pet., 5/20/24, at 4-9 (unpaginated). The PCRA court issued a Pa.R.Crim.P. 907 notice indicating that the PCRA court intended to dismiss the petition as

untimely. *See* Pa.R.Crim.P. 907 Notice, 7/18/24, at 1-2. The PCRA court entered an order denying Appellant's petition as untimely on August 8, 2024.[3]

Appellant subsequently filed a timely *pro se* notice of appeal. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court did not issue a separate Rule 1925(a) opinion.

On appeal, Appellant presents the following issues, which we reorder as follows:

1. Did the PCRA court err in not considering Appellant's petition timely filed under [42 Pa.C.S.] § 9545(b)(1)(ii) and § 9545(b)(2)?

---

[3] We note that the PCRA court entered an order denying Appellant's PCRA petition on August 8, 2024. Therefore, Appellant had thirty days, or until September 9, 2024, in which to file a timely notice of appeal. *See* Pa.R.A.P. 903(a). Appellant filed his notice of appeal on December 5, 2024, making it facially untimely. However, our review of the record reveals that the docket entry for the August 8, 2024 order denying Appellant's PCRA petition does not contain a notation regarding service of the order on Appellant. *See* Pa.R.Crim.P. 114(C)(2)(c) (providing that trial court criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice"); *see also Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002) (noting that Rule 114's language leaves no question that trial court clerk's obligations regarding docket entries are not discretionary); *In re L.M.*, 923 A.2d 505, 509 (interpreting similar civil rule, Pa.R.Civ.P. 236, and holding that where there is no indication on trial court docket that notice has been given, appeal period has not started to run).

Moreover, we note that the order denying Appellant's PCRA petition appears to have only been served on Appellant's prior counsel. Because the record fails to indicate when Appellant was served with the order denying his PCRA petition, we conclude there was a breakdown in the court's operation and decline to quash the appeal. *See Commonwealth v. Braykovich*, 664 A.2d 133 (Pa. Super. 1995) (noting that this Court may permit enlargement of the filing period in extraordinary circumstances, such where there was a breakdown in the processes of the court).

2. Did the PCRA court err in not responding to Appellant's response to the PCRA court['s Rule] 907 notice of intent to dismiss petition without [a] hearing?

3. Did the PCRA court err in not granting Appellant a new trial for a ***Brady***[4] violation?

4. Did the PCRA court err in not granting Appellant's layered ineffective assistance of counsel claims?

Appellant's Brief at 1, 2, 4, 7.[5]

Appellant argues that the PCRA court erred in denying his PCRA petition because his ***Brady*** claim satisfied the newly-discovered fact exception to the PCRA time bar. ***Id.*** at 2-3. Specifically, Appellant contends that he was not aware of the purported ***Brady*** violation until he obtained a copy of the trial transcript on July 28, 2023. ***Id.*** at 2. Appellant notes that Commonwealth witness Logan Scott testified that the Commonwealth did not promise him anything in exchange for his testimony. ***Id.*** at 2-3. However, Appellant asserts that the Commonwealth admitted that it did have an agreement with Scott during a conference in chambers with the trial court where Appellant's

---

[4] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[5] We note that Appellant's brief does not contain a statement of questions presented as required by the Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2111(a)(4), 2116. We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because his noncompliance does not impede our review, we decline to find waiver on this basis. ***See, e.g.***, ***Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review). We derive these issues from the headings of the argument section of Appellant's brief.

trial counsel was present, but Appellant was not. *Id.* at 4-5 (citing N.T. Trial, 12/19/17, at 69). Appellant argues that the Commonwealth committed a *Brady* violation by failing to correct Scott's testimony that there was no agreement between him and the Commonwealth. *Id.* at 5-6. Appellant further contends that he was duly diligent in obtaining the trial transcript from his prior counsel. *Id.* at 2-3.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment

of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176

(Pa. Super. 2015) (citations omitted).  Due diligence requires that the petitioner take reasonable steps to protect his own interests.  ***See id.***

It is well settled that a ***Brady*** claim may fall within the governmental interference and newly-discovered fact exceptions to the PCRA time bar. ***Commonwealth v. Natividad***, 200 A.3d 11, 28 (Pa. 2019).  With respect to the newly-discovered fact exception at Section 9545(b)(1)(ii), the petitioner must establish that "the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence."  ***Id.***  However, the Section 9545(b)(1)(ii) newly discovered fact exception does not have the same requirements as a ***Brady*** claim, as it "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to [the] appellant, nor could they have been ascertained by due diligence."  ***Id.***

Here, in its Rule 907 notice, the PCRA court explained:

In the present case, the petition was filed more than one year after the judgment became final.  [Appellant] has not alleged any valid exception under Section 9545(b)(1) that would permit the filing of this untimely second [or subsequent] PCRA petition.

An indigent petitioner, who files his first PCRA, is entitled to have counsel appointed to represent him during the determination of whether any the expenses to the one-year time limitation apply. ***Com. v. Smith***, 818 A.2d 494 (Pa. 2003).  Rule 904 requires a court to appoint counsel in a case where a defendant has filed a PCRA petition for the first time.  However, Rule 904(D) limits appointment of counsel on second or subsequent PCRA petitions so that counsel should be appointed only if the court determines that a hearing is required as provided in Rule 908; that is where the petition "raises material issues of fact."

- 8 -

> This is [Appellant's] third PCRA petition. Therefore, in deciding whether to appoint counsel at this time and whether to dismiss the petition without a hearing, this court must determine whether the petition raises material issues of fact concerning the application of any exception found in Section 9545(b)(1)(i)-(iii). This court has decided that the petition does not raise any material issues concerning the application of the exceptions found in Section 9545(b)(1)(i)-(iii). Therefore, the claims are untimely and do not fall under any exception.

Pa.R.Crim.P. 907 Notice, 7/18/24, at 1-2.

Here, it is undisputed that Appellant's instant petition is facially untimely because it was filed more than four years after his sentence became final on November 27, 2019, at the expiration of the time for him to file a petition for allowance of appeal with our Supreme Court on direct appeal. *See* 42 Pa.C.S. § 9545(b)(1), (3); *see also Carter III*, 2023 WL 2886752, at *2.

After review, we conclude that Appellant has failed to show that he did not know or could not have learned of this information through the exercise of due diligence. *See Natividad*, 200 A.3d at 28; *Brown*, 111 A.3d at 176. As noted previously, Appellant argues that he could not have learned about the purported *Brady* violation until he obtained a copy of the trial transcript on July 28, 2023. *See* Appellant's Brief at 3. In support of his *Brady* claim, Appellant refers to a conference in the trial court's chambers where his trial counsel was present. *See id.* at 5 (citing N.T. Trial, 12/19/17, at 69). However, even if we assume that the Commonwealth's statements during the conference with the trial court were previously unknown to Appellant, he has not explained why he could not have learned about the substance of that conference immediately after it occurred by speaking with his trial counsel.

Therefore, we conclude that Appellant failed to act with due diligence because he did not take reasonable steps to protect his own interests by discussing the events of that conference with his trial counsel. **See Brown**, 111 A.3d at 176.

Accordingly, we conclude that the PCRA court correctly determined Appellant's third PCRA petition was untimely and that he failed to establish an exception to the PCRA's time bar. Because the third PCRA petition was untimely and no exception applied, the PCRA court lacked jurisdiction and correctly denied Appellant's petition. **See Ballance**, 203 A.3d at 1031; **see also Albrecht**, 994 A.2d at 1094. Accordingly, we affirm the PCRA court's order denying Appellant's third PCRA petition as untimely.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/21/2025